## Commonwealth v. Lockett

*James B. Yelovich,* district attorney, for the Commonwealth.

*Walter C. Pruchnik, Jr.,* for defendant.

COFFROTH, *P.J.,* March 13, 1984 — Defendant is charged with failure to stop at the red traffic light at 9th Street and Somerset Avenue in Windber Borough, under Vehicle Code §3112(a)(3)(i), where defendant's automobile was struck in the left rear thereof by Chief of Police Stopko in the intersection. Defendant was going south on 9th Street, Stopko was driving the police cruiser west on Somerset Avenue. The incident occurred on January 10, 1984 at 3:20 p.m. as defendant and her three female passengers were going home from work at Bestform in Richland Industrial Park.

Since two of the passengers were taken to the hospital in the ambulance, Sergeant Banjak made a full investigation before filing a delayed citation on January 13, 1984.

Chief Stopko said he had the green light when he entered the intersection and did not see defendant's car until it ran in from of him, causing him to strike it before he could apply the brake. He thinks he did not see defendant's car because of defendant's

statement at preliminary hearing that she accelerated in entering the intersection. The chief was alone in his vehicle.

Defendant stated the light was green when she entered the intersection. She relied on the green light and did not look to the left and therefore did not see the police car. Mrs. Lashinsky, defendant's front seat passenger, testified that she saw the signal light at the time, that is was green and so remarked at the time. Mrs. Kmetz and Mrs. Barron, rear seat passengers, did not see the light but corroborated defendant and Mrs. Lashinsky to the effect that the latter had mentioned at the time that the light was green as they entered the intersection.

Defendant moved to quash or dismiss the citation for improper delayed filing thereof, and for a verdict of not guilty for insufficiency of evidence to establish guilt beyond a reasonable doubt.

## MOTION TO QUASH

The alleged offense occurred on January 10; the officer did not follow the usual practice of issuing a citation on the spot and instead filed a delayed citation after he completed his investigation. The motion to quash lacks merit for two reasons:

(1) Issuance of a citation on the spot is excused when not feasible; issuance is not feasible where additional time is appropriate for further investigation, and in such cases delayed filing for a reasonable time to complete investigation is permissible. See: Commonwealth v. Antram (No. 3), 38 Somerset L.J. 52 (1979); In Re Lamberson, 38 Somerset L.J. 396 (1979); Commonwealth v. Trillow & Boyer, 39 Somerset L.J. 370 (1981).

(2) Under Criminal Rule 70 as amended April 8, 1982, effective July 1, 1982,

"A Defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of this Chapter, unless the defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of the defendant."

No prejudice has been shown here. It is not sufficient that defendant might possibly have been prejudiced by the delay, as defense counsel argued; actual prejudice must be shown. As stated in the Comment to Rule 70:

"As a condition of relief regardless of whether the defect is in form, content or procedure, the court or issuing authority must determine that there is actual prejudice to the rights of the defendant."
The burden of establishing such prejudice is upon defendant, the party most likely to have the facts. Commonwealth v. Gordon, 31 Somerset L.J. 174, 183 (1975). Moreover, as the rule states, the question of defect must be raised in the first instance at the initial hearing before the district justice, and, as the comment states, must be specifically noted on his docket; the matter may not be raised for the first time on appeal unless, as stated in the Comment ". . . the interests of justice require it, as for example, when the defendant was not represented by counsel during the proceedings before the district justice or when the defendant could not reasonably have discovered the defect until after the conclusion of the summary trial." In this case there is no such notation on the transcript, no such entry on the docket was shown, defendant was represented by counsel at the initial hearing, and the alleged defect

was obvious at that time, Compare Criminal Rule 150.*

Accordingly, the motion to quash is denied.

## MERITS

As we remarked at the close of the trial, we believe that all witnesses told the truth as they saw it, yet obviously both parties could not have had the green light at the intersection at the same time, absent proof of a malfunctioning light; there is no evidence of malfunction. Thus we find that the light was properly functioning as ordinarily. We must, therefore, take the next step and conclude that one or the other of the parties is mistaken, either by reason of misperception, momentary distraction of sight, or the like, of which they are unaware. There is no item of evidence which tips the scales clearly in favor of one version over the other by the degree of persuasion necessary to eliminate reasonable doubt. Accordingly, the criminal law requires acquittal, which we now order, without comment on what the proper result should be in a civil case where the standard of proof is merely by a preponderance of evidence. See: Kolsun Estate, 42 Somerset L.J. 218 (1983).

We note, however, that Commonwealth counsel argued (inter alia) that defendant was negligent in going through the light (even if it was green) without looking left and right before doing so. Such conduct would be revelant in a civil case, but is irrelevant in a criminal case of this kind where the only issue is whether defendant went through a red light.

---

* Such defect must be raised and ruled on pre-hearing, before testimony is taken and before jeopardy attaches. Commonwealth v. Shaffer, 31 Somerset L.J. 395 (1976).

## ORDER

Now, March 13, 1984, the evidence failing to establish guilt beyond a reasonable doubt, we find defendant not guilty. Costs on the county.